**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| **MICHAEL C. WORSHAM,** | \* |
| **Plaintiff,** | \* |
| v. | \*   Case No.: 1:16-CV-1285 GLR |
| **MONITRONICS INTERNATIONAL, INC., et al.,** | \* |
| | \* |
| **Defendants.** | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Monitronics International, Inc. ("Monitronics"), respectfully submits this opposition to plaintiff Michael C. Worsham's ("Worsham") Motion to Remand (the "Motion"). (Doc. No. 10). As set forth below, Worsham's Motion should be denied because Worsham's cause of action necessarily depends on the resolution of a substantial question of federal law.

**PROCEDURAL AND FACTUAL BACKGROUND**

On December 16, 2013, the JPML transferred three actions involving alleged violations of the Telephone Consumer Protection Act ("TCPA") by Monitronics to the Northern District of West Virginia for "coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407." Conditional Transfer Order 17 ("CTO-17"), *In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2493 ("MDL No. 2493") (Doc. No. 260). Since the JPML's initial transfer order, which created the MDL, the JPML has transferred twenty-six subsequently-filed actions to the Northern District of West Virginia, all of which involve alleged violations of the TCPA. *See id.*

**Worsham's First Lawsuit**

Worsham filed his first action against Monitronics and others in the Circuit Court for Harford County on or about June 15, 2015, asserting violations of the TCPA. On July 22, 2015, Monitronics timely removed that case to this Court. *See Michael C. Worsham v. Monitronics Int'l, Inc., et al.*, GLR-15-2139. On July 27, 2015, the case was conditionally transferred to MDL No. 2493. (MDL No. 2493, Doc. No. 260). Worsham then filed a motion to vacate the conditional transfer order. Monitronics simultaneously filed a motion to stay the proceedings in this Court pending transfer of the case to the MDL, which Your Honor granted on November 9, 2015. On December 8, 2015, the JPML denied Worsham's motion to vacate and ordered that Worsham's case be formally transferred to the MDL because it shared questions of fact with previously transferred actions and, therefore, would benefit from common discovery and pretrial proceedings. (MDL No. 2493, Doc. No. 318).

**Worsham's Second Lawsuit**

On or about February 4, 2016, Worsham filed a second action against Monitronics and others in the District Court for Harford County, alleging that they violated the Maryland Telephone Consumer Protection Act ("MTCPA") by placing a single telemarketing call to his wireless telephone line using an automated voice, without prior consent. Worsham's MTCPA claim, however, is based entirely on alleged violations of regulations that were promulgated by the Federal Communications Commission ("FCC") and Federal Trade Commission ("FTC") to implement the TCPA and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAPA"), respectively.[1] Accordingly, on March 8, 2016, Monitronics timely removed the case to this Court. *See Michael C. Worsham v. Monitronics Int'l, Inc., et al.*, GLR-15-0600.

---

[1] The MTCPA provides a cause of action for violations of the TCFAPA, 15 U.S.C. § 6101, *et seq.*, or the TCPA, 47 U.S.C. § 227. Md. Code. Ann., Com. Law §§ 14-3201-3202.

On March 14, 2016, the JPML conditionally transferred Worsham's second case to MDL No. 2493, noting that it "involve[s] questions of fact that are common to the actions previously transferred" to the MDL. (MDL No. 2493, Doc. No. 347). Worsham filed a motion to vacate the conditional transfer order, and that motion has been fully briefed as of May 3, 2016. (MDL No. 2493, Doc. No. 387). A panel hearing on Worsham's motion is scheduled for May 26, 2016. (MDL No. 2493, Doc. No. 374).

On March 14, 2016, Worsham filed a motion to remand his second case on the grounds that this Court lacks both federal question and diversity jurisdiction.[2] On March 22, 2016, Monitronics filed a motion to stay the proceedings in this Court pending the likely transfer of Worsham's second case to the MDL. Both of those motions are currently ripe for the Court's consideration.

**<u>Worsham's Third Lawsuit</u>**

On or about April 8, 2016, Worsham filed a third action against Monitronics and others in the District Court for Harford County, once again alleging that they violated the MTCPA by placing a single telemarketing call to his wireless telephone line using an automated voice, without prior consent. In his third complaint, however, Worsham only alleges that Monitronics violated the regulations that were promulgated to implement the TCFAPA, not the TCPA.[3] (ECF No. 2). Accordingly, on April 29, 2016, Monitronics timely removed the case to this Court. (ECF No. 1). On May 6, 2016, Worsham filed the instant Motion, on the grounds that both federal question and diversity jurisdiction are lacking. (ECF No. 10). Monitronics subsequently filed a notice of tag-along action with the JPML on May 10, 2016. On May 13, 2016, the JPML

---

[2] While the parties are of diverse citizenship, Worsham's Complaint did not seek recovery in excess of $75,000.

[3] As stated above, the MTCPA provides a cause of action for violations of the TCFAPA, 15 U.S.C. § 6101, *et seq.* Md. Code. Ann., Com. Law §§ 14-3201-3202.

conditionally transferred this case to MDL No. 2493, noting that it "involve[s] questions of fact that are common to the actions previously transferred" to the MDL. (MDL No. 2493, Doc. No. 389). The transfer has not been finalized, however, as Worsham filed a notice of his opposition to the transfer on May 20, 2016. (MDL No. 2493, Doc. No. 391). The JPML has since issued a briefing schedule, setting a deadline of June 3, 2016, for Worsham's motion to vacate the conditional transfer order and June 24, 2016, for responses. (MDL No. 2493, Doc. No. 392).

## ARGUMENT

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law if the well-pled complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Courts employ a three-step analysis to determine whether a plaintiff's right to relief under state law depends on the resolution of a substantial question of federal law for purposes of federal jurisdiction. First, it must be determined whether the asserted state law claim depends on the resolution of a disputed federal law question. *Id.* at 314. Second, it must be determined whether the disputed federal law question imbedded in the asserted state claim is substantial. *Id.* Finally, the court must consider whether the exercise of federal jurisdiction under the

circumstances would disturb any congressionally approved balance of federal and state judicial responsibilities. *Id.*

Here, there is no question that Worsham's right to relief under the MTCPA depends on the resolution of a disputed question of federal law. The MTCPA provides a cause of action for violations of the TCFAPA, 15 U.S.C. § 6101, *et seq.* Md. Code Ann., Com. Law §§ 14-3201-3202. Worsham's complaint therefore alleges that Monitronics violated various regulations that were promulgated by the FTC to implement the TCFAPA. *See* Compl. ¶¶ 56-60, ECF No. 2. Accordingly, Worsham must demonstrate a violation of federal law in order to prevail on his state law claim. Furthermore, because Monitronics has not conceded liability, the federal questions contained in Worsham's complaint remain disputed.

Second, the federal questions presented here are substantial. A federal question may be substantial "based on the role it plays in the complaint," or "based on its importance to the federal system." *In re Capital One Derivative S'holder Litig.*, Case No. 1:12cv1100, 2012 U.S. Dist. LEXIS 182301, at *17-18 (E.D. Va. Dec. 21, 2012). The federal questions involved here clearly are substantial in the sense that they assume a significant role both in Worsham's complaint and in the resolution of Worsham's MTCPA claim. Specifically, because Worsham's MTCPA claim necessarily depends on a determination of whether federal law has been violated, the questions of federal law are dispositive. In addition, the federal questions underlying Worsham's MTCPA claim are important to the federal system. Such questions have importance to the federal system because the Court must determine whether violations of federal consumer protection statutes have occurred. The federal questions presented here are also important to the federal system because they are similar to those that will likely be litigated in the MDL.

Finally, the exercise of federal jurisdiction under the circumstances presented here would not disturb any congressionally approved balance of federal and state judicial responsibilities, because the TCFAPA provides for a private right of action. 15 U.S.C. § 6104(a). Federal courts are therefore accustomed to adjudicating these types of cases, whether on the basis of federal question or diversity jurisdiction. Moreover, federal courts frequently exercise jurisdiction over state law claims based on alleged violations of federal law. *See e.g.*, *In re Capital One*, *supra* (exercising jurisdiction over state law claims asserting violations of the Federal Trade Commission Act and the Consumer Financial Protection Act); *Missouri ex rel. Nixon v. Progressive Bus. Publ'ns, Inc.*, 504 F. Supp. 2d 699, 701-02 (W.D. Mo. 2007) (denying plaintiff's motion to remand and exercising jurisdiction where plaintiff's complaint alleged that defendant's violation of the TCPA constituted an unfair practice under the Missouri Merchandising Practices Act); *In re Tamoxifen Citrate Antitrust Litig.*, 222 F. Supp. 2d 326, 330-31 (E.D.N.Y. 2002) (jurisdiction existed where resolution of plaintiffs' state antitrust and consumer protection claims required resolution of federal patent law questions). This is true especially where, as here, the plaintiff attempts to disguise a federal claim as a state law claim in order to avoid federal court jurisdiction. *Missouri ex. rel. Nixon*, 504 F. Supp. 2d at 701. There is absolutely no doubt that Worsham filed this third, identical lawsuit in state small claims court in an attempt to avoid federal jurisdiction and, more importantly, inclusion of his case in the MDL proceedings.

## **CONCLUSION**

For the foregoing reasons, the Court's exercise of federal question jurisdiction is proper under the circumstances presented here. Accordingly, Monitronics respectfully requests that this Court deny plaintiff's Motion to Remand.

Date: <u>May 23, 2016</u>                                          <u>            /s/                           </u>
Courtney B. Amelung (Bar No. 13422)
**TYDINGS & ROSENBERG LLP**
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700
(410) 727-5460 (facsimile)
camelung@tydingslaw.com

**Attorneys for Defendant
Monitronics International, Inc.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | | |
|---|---|---|
| **MICHAEL C. WORSHAM,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Case No.: 1:16-CV-1285 GLR** |
| **MONITRONICS INTERNATIONAL, INC., et al.,** | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day of May 2016, a copy of the foregoing Opposition to Plaintiff's Motion to Remand which was electronically filed and served via the Court's CM/ECF system, was served, via U.S. mail, first class, postage prepaid on: Michael C. Worsham, 1916 Cosner Road, Forest Hill, Maryland 21050.

Date: <u>May 23, 2016</u>                                  <u>          /s/          </u>
Courtney B. Amelung (Bar No. 13422)
**TYDINGS & ROSENBERG LLP**
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700
(410) 727-5460 (facsimile)
camelung@tydingslaw.com

**Attorneys for Defendant Monitronics International, Inc.**